UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>M.B. ATCHLEY, et al.,<br><br>　　　　　Defendants. | Case No. 20-07534 BLF (PR)<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND; ADDRESSING OBJECTION TO DENIAL OF PRIOR MOTION AND DENYING REQUESTS FOR LIMITED APPOINTMENT OF COUNSEL AND RECUSAL**<br><br>(Docket Nos. 11) |

Plaintiff, a state inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against prison staff and officials at Salinas Valley State Prison ("SVPS"), as well as the Director of the California Department of Corrections and Rehabilitation ("CDCR"). Dkt. No. 1. Plaintiff's motions for leave to proceed *in forma pauperis* will be addressed in a separate order. The Court also herein addresses Plaintiff's "objection" to the denial of his motion for a temporary restraining order and several requests made therein. Dkt. No. 11.

**DISCUSION**

**A.   Standard of Review**

A federal court must conduct a preliminary screening in any case in which a

prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2).  Pro se pleadings must, however, be liberally construed.  *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988).

**B.      Plaintiff's Claims**

Plaintiff claims that during June through September 2020, he was repeatedly denied access to law library services and resources "which are essential services needed to initiate and maintain active court deadlines, appeals, grievances in pro se." Dkt. No. 1 at 4.  Plaintiff claims Defendants D. Farmer and S. Tomlinson were in charge of supervising the facility law library and repeatedly denied his request for law library access and restricted his ability to commence legal actions. *Id.* at 4-5.  Plaintiff claims he notified Defendants Farmer, Tomlinson, Warden M. N. Atchley and Connie Gipson, the Director of the CDCR, through numerous requests and grievances of the denial to these services. *Id.* at 4.  He claims Defendants Farmer and Tomlinson "failed and refused" to respond to his requests. *Id.* at 5.  He claims Warden Atchley had the power to correct these problems but "failed to provide adequate or qualified staff, conspired or acted jointly under the color of state law, pursuant to a policy or custom with" Defendant Gipson. *Id.* at 6.  Plaintiff claims Defendant Gipson is liable for Warden Atchley's actions as a "policy-maker[], [who] writes regulations or gives orders, at least for the purpose of prison management." *Id.*  Plaintiff claims that his rights to meaningful access to the courts to be free from interference and retaliation were violated under the "I, V, IV, VI, VIII, XIV Amendments"

2

as well his right to due process under "V, IV, XIV" Amendments. *Id.* Plaintiff also asserts the Court has supplemental jurisdiction over his state law claims. *Id.*

### 1. Access to the Courts

Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977).[1] To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program (e.g., law library or legal assistance) that caused him an actual injury. *See Lewis*, 518 U.S. at 349-51. To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. *See id.* at 351, 354-55.

Plaintiff's allegations are insufficient to state a denial of access to the courts claim because he has failed to allege actual injury. The only specific incident during this four month period which he describes in detail occurred on or about July 21, 2020, when Defendant Tomlinson "stole and kept" copies of his legal pleadings for a civil action, and then had him removed from the law library. Dkt. No. 1 at 7-8. Plaintiff claims generally that this incident caused him to "default" on his active court deadlines, appeals and grievances, without any specific detail as to what those matters involved. *Id.* at 8. Even assuming that this incident amounts to an inadequacy in the legal access program, Plaintiff

---

[1] The constitutional source of the right of access to the courts is not settled. *See Christopher v. Harbury*, 536 U.S. 403, 413-14 & 415 n.12 (2002); *Lewis v. Casey*, 518 U.S. 343, 366-67 (1996) (Thomas, J., concurring). Supreme Court decisions have grounded the right in the Article IV Privileges and Immunities Clause, the First Amendment Petition Clause, the Fifth Amendment Due Process Clause, and the Fourteenth Amendment Equal Protection and Due Process Clauses. *Christopher*, 536 U.S. at 415 n.12 (citing cases). The Ninth Circuit also has found various constitutional sources for the right. *See, e.g., Cornett v. Donovan*, 51 F.3d 894, 897 (9th Cir. 1995) (right grounded in due process and equal protection clauses); *Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir. 1995) (use of prison grievance procedure protected by prisoner's right to meaningful access to courts along with broader right to petition government for redress of grievances); *see also Soranno's Gasco, Inc. v. Morgan*, 874 F.2d 1310, 1314 (9th Cir. 1989) (nonprisoner case finding right of access to courts subsumed under 1st Amendment).

3

must still demonstrate that the alleged shortcomings in the program caused him an actual injury by hindering his efforts to pursue a legal claim. *Lewis*, 518 U.S. at 351.[2] It is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Id*. at 348. Here, Plaintiff has failed to describe what non-frivolous claim concerning his conviction or conditions of confinement he was hindered from pursuing. *See Lewis*, 518 U.S. at 351, 354-55. Plaintiff shall be afforded one opportunity to file an amended complaint to attempt to allege sufficient facts to state a cognizable denial of access to the courts claim. If there was a specific deadline that he was prevented from meeting, he must identify the specific case number or grievance, the non-frivolous claim he was pursuing, and the actual injury he suffered due to the hindrance. Lastly, Plaintiff must specifically tie the actual injury he suffered to the actions of a specific Defendant.

Plaintiff's allegations are also insufficient to state a claim against Defendant Warden Atchley. A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012). Plaintiff claims Defendant Atchley had the power to correct these problems but "failed to provide adequate or qualified staff." Dkt. No. 1 at 5-6. However, Plaintiff makes no allegation that Defendant Atchley was personally involved in the denial of access to the courts or that Defendant engaged in any specific wrongful conduct that is causally connected with the alleged constitutional violation. Furthermore, if Plaintiff fails to state a cognizable claim against any subordinate, it cannot be said that he can state a claim against the supervisor. Accordingly,

---

[2] Examples of impermissible hindrances include: a prisoner whose complaint was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known; and a prisoner who had "suffered arguably actionable harm" that he wished to bring to the attention of the court, but was so stymied by the inadequacies of the library that he was unable even to file a complaint. *Id.*

4

the claim against Defendant Atchley will be dismissed but with leave to amend for Plaintiff to attempt to allege sufficient facts to state a claim if he can do so in good faith.

Lasty, Plaintiff's allegations against Defendant Gipson are also insufficient. If he is attempting to hold Defendant Gipson "liable for Warden Atchley's actions," then he must allege that Defendant Gipson was in a supervisory position over Warden Atchley. This is unlikely since Defendant Gipson, as Director of the CDCR, is not directly involved in the day-to-day operation of specific prisons like SVSP. Furthermore, Plaintiff claims that there was a conspiracy between Warden Atchley and Defendant Gipson "pursuant to a policy or custom." Dkt. No. 1 at 6. However, a conspiracy is not itself a constitutional tort under 42 U.S.C. § 1983. *Lacey v. Maricopa County*, 693 F.3d 896, 935 (9th Cir. 2012) (en banc). It does not enlarge the nature of the claims asserted by the plaintiff, as there must always be an underlying constitutional violation. *Id.* Plaintiff has failed to do so. Furthermore, Plaintiff refers vaguely to a "policy or custom" without explaining that policy or custom. If he believes that his constitutional rights were violated because of an impermissible policy or custom, he may attempt to state a claim under *Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). To impose municipal liability under § 1983 for a violation of constitutional rights resulting from governmental inaction or omission, a plaintiff must show: "(1) that he possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation." *Oviatt By and Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389 (1989) (internal quotation marks omitted). Plaintiff may attempt to state a *Monell* claim in the amended complaint if he can do so in good faith.

In preparing an amended complaint, Plaintiff should keep the following principles in mind. Liability may be imposed on an individual defendant under § 1983 only if Plaintiff can show that the defendant proximately caused the deprivation of a federally

5

protected right.  *See Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988); *Harris v. City of Roseburg*, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  *See Leer*, 844 F.2d at 633.

### 2. Retaliation

"Within the prison context, a viable claim of First Amendment retaliation entails five basic elements:  (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal."  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

Plaintiff claims generally that when his library time was cut short on July 21, 2020, it was "further subjection to retaliation, harassment."  Dkt. No. 1 at 8.  However, his allegations are insufficient to establish all five elements for a retaliation claim.  For example, while the denial of library access may be an adverse action and the protected conduct was the right to petition the government for a redress of grievances under the First Amendment, Plaintiff fails to connect the adverse action with the protected conduct, *i.e.*, that Defendants acted "because of" Plaintiff's protected conduct, which is the second element.  Furthermore, nowhere does Plaintiff allege that Defendant's actions chilled the exercise of his First Amendment rights and that the action did not reasonably advance a legitimate correctional goal, the fourth and fifth elements.  Plaintiff shall be afforded one opportunity to file an amended complaint to attempt to allege sufficient facts to state a cognizable retaliation claim against each Defendant he believes is liable.

### 3. Remaining Claims

Aside from the claims discussed above, Plaintiff generally asserts violations of his

rights under the "I, V, IV, VI, VIII, XIV Amendments" as well his right to due process under "V, IV, XIV" Amendments. Dkt. No. 1 at 2. The Court has already discussed Plaintiff's claim regarding access to the courts above, the constitutional source of which is not settled. *See supra* at 3, fn. 1. Perhaps that is why Plaintiff cited to multiple amendments in asserting this claim. However, if Plaintiff intended to assert any other specific claims, he may do so in the amended complaint provided he makes specific factual allegations in support. Plaintiff may also include state law claims, but he must specifically identify the claims he is raising under state law rather than assert that the Court may take supplemental jurisdiction over state law claims.

With respect to the claim that his due process rights were violated, there are insufficient allegations to indicate that Plaintiff was denied some sort of process in the denial of access to the law library and resources. To the extent that he is implying that the lack of response to his requests and grievances constitutes a denial of due process, he is mistaken. California Code of Regulations, title 15 sections 1073 and 3084 grant prisoners in the county jails and state prisons a purely procedural right: the right to have a prison appeal.[3] The regulations simply require the establishment of a procedural structure for reviewing prisoner complaints and set forth no substantive standards; instead, they provide for flexible appeal time limits, *see* Cal. Code Regs. tit. 15, § 3084.6, and, at most, that "no reprisal shall be taken against an inmate or parolee for filing an appeal," *id.* § 3084.1(d). A provision that merely provides procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest. *See Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (same); *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill.

---

[3] *See* Cal. Code of Regs. tit. 15 § 1073 (applicable to county jails), and § 3084, et seq. (applicable to state prisons).

7

1982) (same). A prison official's failure to process grievances, without more, accordingly is not actionable under § 1983. *See Buckley*, 997 F.2d at 495; *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). Furthermore, although there certainly is a right to petition the government for redress of grievances (a First Amendment right), there is no right to a response or any particular action. *See Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991) ("prisoner's right to petition the government for redress ... is not compromised by the prison's refusal to entertain his grievance."). Accordingly, a due process claim based on his unanswered grievances fails to state a claim for relief.

**C.      Objection to Order Denying Motion for Temporary Restraining Order**

Early in this matter, Plaintiff filed a motion for a temporary restraining order directing Defendants to "cease and desist" from denying him access to the law library, threatening him with false disciplinary actions to obstruct his legal litigations, and interfering with his access to the courts, among other actions. Dkt. No. 5 at 2-3. The Court denied the motion without prejudice because Plaintiff had failed to satisfy all the requirements under *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008), *i.e.*, likelihood of success on the merits, irreparable harm, balance of equities tips in his favor, and an injunction is in the public interest. Dkt. No. 10 at 2-3. Plaintiff has filed an objection to the Court's decision, and requests the following: "1) courts provide plaintiff each citation relied on for ruling with copy of plaintiff's original TRO pleadings, 2) appointment of counsel for limited purpose to assist plaintiff with legal resources and services." Dkt. No. 11 at 2. He also asserts "peremptory challenge" against the Court based on his belief that the Undersigned is "demonstrating personal bias, prejudice and [is] unable to be fair and impartial on preceding as for example: TRO to prevent irreparable harm." *Id.* at 2.

8

The Court construes Plaintiff's "objection" as a motion for reconsideration. However, there was nothing improper in the Court's denial of Plaintiff's motion for a TRO. This initial review order confirms that Plaintiff has yet to state cognizable claims against any named Defendant such that it cannot be said that he has established likelihood of success on the merits to warrant a TRO at this time. And where the court concludes the movant has failed to show a likelihood of success on the merits, the court, in its discretion, need not consider whether the movant would suffer irreparable injury. *Guzman v. Shewry*, 552 F.3d 941, 948 (9th Cir. 2009). Accordingly, the motion for reconsideration of the denial of a TRO is DENIED.

Plaintiff requests counsel for the "limited purpose to assist… with legal resources and services (i.e., legal copies, citations, envelopes, draft paper, legal research, etc.) necessary for due process, that are repeatedly denied to plaintiff." Dkt. No. 11 at 2. The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). Plaintiff's asserted grounds, which are challenges faced by all *pro se* prisoner plaintiffs, do not establish exceptional circumstances. Accordingly, the motion for limited appointment of counsel is DENIED for lack of exceptional circumstances. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand,* 113 F.3d at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

Lastly, with respect to Plaintiff's "peremptory challenge" against the undersigned, the Court will construe the request as a motion for recusal. Motions to recuse a district court judge fall under two statutes, 28 U.S.C. § 144 and 28 U.S.C. § 455. The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *United States v. McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012); *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (citation

9

omitted).  Sections 144 and 455 ask whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits.  *Clemens v. United States Dist. Ct. for the Cent. Dist. of Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005).  The reasonable person in this context means a well-informed, thoughtful observer, as opposed to a hypersensitive or unduly suspicious person.  *Id.*

As a federal judge is presumed to be impartial, a substantial burden is imposed on the party claiming bias or prejudice to show that this is not the case.  *See United States v. Zagari*, 419 F. Supp. 494, 501 (N.D. Cal. 1976).  Plaintiff asserts that this Court has demonstrated "personal bias, prejudice and [is] unable to be fair and impartial on preceding as for example: TRO to prevent irreparable harm."  Dkt. No. 11 at 2.  However, as the Court explained above, there was nothing improper in its denial of Plaintiff's request for a TRO because his pleading was insufficient under the applicable law.  *See supra* at 8.  Plaintiff may appeal the decision to the Ninth Circuit, as indeed it appears that he already has, Dkt. No. 12, but otherwise has no basis for moving to recuse the Court from this matter.  The motion for recusal is **DENIED**.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

The complaint is **DISMISSED with leave to amend**.  Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file an amended complaint to state sufficient facts to state a deliberate indifference claim as described above.  The amended complaint must include the caption and civil case number used in this order, Case No. C 20-07534 BLF (PR), and the words "AMENDED COMPLAINT" on the first page.  If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.

The amended complaint supersedes the original, the latter being treated thereafter as non-existent.  *Ramirez v. Cty. Of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).

Consequently, claims not included in an amended complaint are no longer claims and defendants not named in an amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

**Failure to respond in accordance with this order in the time provided will result in the dismissal of this action without prejudice and without further notice to Plaintiff.**

The Clerk shall include two copies of the court's complaint with a copy of this order to Plaintiff. Also in response to his request, the Clerk shall include a copy of Plaintiff's TRO motion, filed under Docket No. 5, with a copy of this order.

**IT IS SO ORDERED.**

Dated:  __March 5, 2021_____

BETH LABSON FREEMAN
United States District Judge

Order of Dismissal with Leave to Amend; Addressing Objection
PRO-SE\BLF\CR.20\07534Saddozai_dwlta