UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>M.B. ATCHLEY, et al.,<br><br>　　　　Defendants. | Case No. 20-07534 BLF (PR)<br><br>**ORDER DISMISSING AMENDED COMPLAINT WITH LEAVE TO AMEND** |

　　　　Plaintiff, a state inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against prison staff and officials at Salinas Valley State Prison ("SVPS"), as well as the Director of the California Department of Corrections and Rehabilitation ("CDCR"). Dkt. No. 1. The Court dismissed the complaint with leave to amend, for Plaintiff to correct various deficiencies. Dkt. No. 14. Plaintiff filed an amended complaint in which he includes the names of other inmates as plaintiffs, and asserts new claims based on different incidents from those alleged in the original complaint. Dkt. No. 20. For the reasons discussed below, the amended complaint must be dismissed with leave to amend.

///

///

///

# DISCUSSION

## A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

## B. Other Named Plaintiffs

As a preliminary matter, the Court addresses Plaintiff's naming of other inmates as plaintiffs in this action. Dkt. No. 20 at 2. Plaintiff is proceeding *pro se* and is not an attorney, thus he may not represent other litigants. *See Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona has no authority to represent anyone other than himself").

Alternatively, although less clear, Plaintiff may have intended to file this case as a class action, naming himself and two other plaintiffs as class representatives along with other unnamed inmates. Dkt. No. 20 at 5, ¶ 1. Plaintiff is also prohibited from prosecuting a class action on behalf of other similarly situations because *pro se* prisoner plaintiffs are not adequate class representatives able to fairly represent and adequately protect the interests of the class. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also Russell*, 308 F.2d at 79. Accordingly, Plaintiff, as a *pro se* prisoner, cannot adequately represent the intended class. *See, e.g., Griffin v. Smith*, 493 F. Supp. 129, 131

2

(W.D.N.Y. 1980) (denying class certification on basis that *pro se* prisoner cannot adequately represent class). The other "plaintiffs" listed on the complaint shall be removed from this action. If they desire to pursue any claims on their own, they must do so by each filing a separate action.

### C. **Plaintiff's Claims**

As mentioned above, Plaintiff attempts to bring this action on behalf of several plaintiffs, and therefore throughout the amended complaint refers to himself and others generally as "plaintiff(s)." Dkt. No. 20 at 5-7. The amended complaint alleges that from June through December 2020, and January through June 20201, "plaintiff(s)" filed several letters, prisoner inmate requests, and grievances against defendants "S. Tomlinson, D. Farmer, L. Farley, M. B. Atchley, and Director of CDCR" regarding the following: "law library access, services, resources, paging, such as, for example; Case-law citations, legal research materials needed to file prison grievances; legal book-check-outs; discovery evidence; legal manila envelopes; writing materials-pens/draft paper; that are need by plaintiffs to initiate, maintain, and prosecute prison grievances, appeals, court ordered deadlines for [various cases]." *Id.* at 5. These requests were "repeatedly ignored, destroyed and denied." *Id.* Also on various dates in April, May, and July 2021, Defendant Tomlinson and "staff in charge of prison law library services and resources" repeatedly read "plaintiff(s) confidential legal pleadings without consent." *Id.* Furthermore, on February 17, 2021, "plaintiff(s) presented [Defendant] M. Ayon… legal pleadings for court ordered deadlines… to be copied" and that Defendant Ayon refused to do so. *Id.* at 6. When "plaintiff(s)" requested the return of confiscated legal documents, Defendant Ayon refused and sounded the prison emergency alarm "out of retaliation to obstruct, impair, impede, and frustrate plaintiff(s) right for redress of grievance." *Id.* Then the "[p]laintiff(s) was removed from law library and locked in a single man unsanitary dummy cage over many hours, inadequate of space, movement, water, toilet access, and handcuffed, while forced to strip naked in presence of other prisoners and officers to

3

humiliate, intimidate, punish, to stop from further complaining as an adverse action… for exercising 1st Amendment rights." *Id.* at 6-7.  Defendant Ayon issued a Rules Violation Report "charging plaintiff(s) with disciplinary actions knew to be false out of retaliation because plaintiff filed and submitted a grievance complaint against defendant(s) for February 17th, 2021, incident." *Id.* at 7.  There was another incident on April 6, 2021, when ISU officers raided "plaintiff(s) cell quarters without notice while plaintiff was using toilet facilities and forced plaintiff(s) out of cell and made to strip naked in presence of housing unit prisoners, and female correctional officer," also in retaliation. *Id.* at 7.  The amended complaint also asserts supplemental jurisdiction over state law claims but fails to identify or explain any specific state law claim. *Id.* at 8.

The allegations in the amended complaint are problematic because the factual allegations are not individualized but rather asserted generally as to all "plaintiff(s)." Therefore, it is impossible for the Court to ascertain which allegations specifically involve Mr. Saddozai, who is the only plaintiff in this matter, and which allegations should be stricken as involving other prisoner/plaintiffs who have been dismissed from this action. Accordingly, the Court has no choice but to dismiss the amended complaint with leave to amend for Mr. Saddozai to file a second amended complaint containing allegations solely involving the deprivation of *his* constitutional rights.

In filing a second amended complaint, Plaintiff should be mindful of the deficiencies in his original complaint discussed by the Court in the "Order of Dismissal with Leave to Amend." Dkt. No. 14.  Plaintiff is also reminded that although he may include state law claims, he must specifically identify the state law claims he is raising rather than assert generally that the Court may take supplemental jurisdiction over them.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. All class claims are dismissed. *See supra* at 2.  The alleged claims of newly

4

named plaintiffs are also dismissed without prejudice to each filing individual and separate actions. *See supra* at 2-3. This matter shall proceed with Mr. Saddozai as the sole plaintiff in this action. All other individuals named as plaintiffs shall be terminated from this action.

2. The amended complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file a second amended complaint to attempt to correct the deficiencies discussed above. The second amended complaint must include the caption and civil case number used in this order, Case No. 20-07534 BLF (PR), and the words "SECOND AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.

The second amended complaint supersedes the original and the amended complaints, which will be treated thereafter as non-existent. *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in the second amended complaint are no longer claims and defendants not named in the second amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

3. **Failure to respond in accordance with this order in the time provided by filing a second amended complaint will result in the dismissal of this action with prejudice for failure to state a claim, without further notice to Plaintiff.**

IT IS SO ORDERED.

Dated: __October 14, 2021_____

BETH LABSON FREEMAN
United States District Judge

Order Dismissing Amended Compl. with Leave to Amend
PRO-SE\BLF\CR.20\07534Saddozai_dwlta.FAC