1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHIKEB SADDOZAI,

Plaintiff,

v.

M.B. ATCHLEY, et al.,

Defendants.

Case No. 20-07534 BLF (PR)

**ORDER GRANTING MOTION FOR SECOND EXTENSION OF TIME TO FILE SECOND AMENDED COMPLAINT**

(Docket No. 26)

Plaintiff, a state prisoner, filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 regarding unconstitutional prison conditions.  Dkt. No. 1.  On October 14, 2021, the Court dismissed the amended complaint with leave to file a second amended complaint, to correct the deficiencies.  Dkt. No. 21 at 5.  Plaintiff was directed to file a second amended complaint within twenty-eight days from the date the order was filed.  *Id.* at 5.

Plaintiff has filed a motion for second extension of time to file a second amended complaint due to alleged denial of access to the law library and legal resources as well as loss of documents, among other reasons.  Dkt. No. 22.  Plaintiff also requests that the court "intervene because the court has jurisdiction… to order defendants to provide [him] daily meaningful access to law library ser[v]ices" and a temporary restraining order.  *Id.* at 2.

Federal Rule of Civil Procedure 65 sets forth the procedure for issuance of a

preliminary injunction or temporary restraining order ("TRO").  Prior to granting a preliminary injunction, notice to the adverse party is required.  *See* Fed. R. Civ. P. 65(a)(1).  Therefore, a motion for preliminary injunction cannot be decided until the parties to the action are served.  *See Zepeda v. INS*, 753 F.2d 719, 727 (9th Cir. 1983).  A TRO may be granted without written or oral notice to the adverse party or that party's attorney only if: (1) it clearly appears from specific facts shown by affidavit or by the verified complaint that immediate and irreparable injury, loss or damage will result to the applicant before the adverse party or the party's attorney can be heard in opposition, and (2) the applicant's attorney certifies in writing the efforts, if any, which have been made to give notice and the reasons supporting the claim that notice should not be required.  *See* Fed. R. Civ. P. 65(b).

"A preliminary injunction is 'an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion.'" *Lopez v. Brewer, et al.*, 680 F.3d 1068, 1072 (9th Cir. 2012) (citation omitted) (emphasis in original).  The standard for issuing a TRO is similar to that required for a preliminary injunction.  *See Los Angeles Unified Sch. Dist. v. United States Dist. Court*, 650 F.2d 1004, 1008 (9th Cir. 1981) (Ferguson, J., dissenting).  "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest."  *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20 (2008).

Assuming Plaintiff has satisfied the requirement of notice, the Court finds he fails to satisfy all the requirements under *Winter* to justify a TRO at this time.  Plaintiff's amended complaint was dismissed with leave to amend because the Court was unable to ascertain whether any of the allegations against the named Defendants were personally relevant to Plaintiff rather than the other "plaintiffs" he names.  Dkt. No. 21 at 4.  Without a viable complaint or any cognizable claims, it cannot be said that Plaintiff has established

United States District Court
Northern District of California

United States District Court
Northern District of California

1   likelihood of success on the merits against any Defendant.  Where the court concludes the

2   movant has failed to show a likelihood of success on the merits, the court, in its discretion,

3   need not consider whether the movant would suffer irreparable injury.  *Guzman v. Shewry*,

4   552 F.3d 941, 948 (9th Cir. 2009).  Accordingly, Plaintiff's motion for a TRO is DENIED

5   without prejudice at this time.

6          Good cause appearing, the motion for extension of time is GRANTED.  Plaintiff

7   shall file a second amended complaint no later than **twenty-eight (28) days** from the date

8   this order is filed.  The second amended complaint must include the caption and civil case

9   number used in this order, *i.e.*, Case No. 20-07534 BLF (PR), and the words "SECOND

10  AMENDED COMPLAINT" on the first page.  Plaintiff must answer all the questions on

11  the form in order for the action to proceed.  Plaintiff is reminded that the second amended

12  complaint supersedes the original and amended complaint, and Plaintiff may not make

13  references to the original nor the amended complaint.  Claims not included in the

14  complaint and amended complaint are no longer claims and defendants not named in a

15  second amended complaint are no longer defendants.  *See Ferdik v. Bonzelet*, 963 F.2d

16  1258, 1262 (9th Cir.1992).

17         **Failure to respond in accordance with this order by filing a second amended**

18  **complaint in the time provided will result in the dismissal of this action without**

19  **prejudice and without further notice to Plaintiff.**

20         This order terminates Docket No. 22.

21         **IT IS SO ORDERED.**

22  Dated:  __January 20, 2022_____

23                                                      BETH LABSON FREEMAN
                                                        United States District Judge
24

25  Order Granting Mot. for EOT to File Second Am Comp
    PRO-SE\BLF\CR.20\07534Saddazai_eot.SAC

26

27

28                                          3