United States District Court
Northern District of California

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| SHIKEB SADDOZAI, | Case No. 20-cv-07534 BLF (PR) |
|---|---|
| Plaintiff, | |
| v. | **ORDER DISMISSING SECOND AMENDED COMPLAINT WITH LEAVE TO AMEND** |
| M.B. ATCHLEY, et al., | |
| Defendants. | |

Plaintiff, a state inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against prison staff and officials at Salinas Valley State Prison ("SVPS"), as well as the Director of the California Department of Corrections and Rehabilitation ("CDCR"). Dkt. No. 1. The Court dismissed the amended complaint with leave to amend, for Plaintiff to include only allegations involving the deprivation of his individual rights and strike other plaintiffs and claims. Dkt. No. 21. Plaintiff filed a second amended complaint. Dkt. No. 28. For the reasons discussed below, the second amended complaint must be dismissed with leave to amend.

///
///
///

**DISCUSSION**

A.  **Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See id.* § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B.  **Plaintiff's Claims**

Plaintiff names the following as Defendants: L. Farley, S. Tomlinson, D. Farmer, M. Ayon, D. Cramer, and E. Heffington. Dkt. No. 28 at 5. Plaintiff claims that from June 2020 to February 2022, he filed and exhausted grievances against Defendants, who are in charge of the prison law library, for "repeatedly denying [Plaintiff's] requests for daily law library access, [and] resources, paging services." *Id.* He claims their actions obstructed his ability to commence legal actions and receive meaningful access to the courts. *Id.*

Plaintiff describes three separate incidences that involved the violation of his rights. The first took place on July 21, 2020, when Defendant S. Tomlinson "read, stole and kept legal documents preventing delivery to the court, out of deliberate indifference and retaliation to thwart Plaintiff's access to the court, [and] to place [him] in fear from complaining as an adverse action for exercising first amendment and for grievances filed against defendants." Dkt. No. 28 at 5. The second occurred on February 17, 2021, when Defendant M. Ayon "read, stole, kept legal documents and sounded prison emergency

2

alarm" in the prison law library. *Id.* In response, Officer Berry arrived and removed Plaintiff in handcuffs, extremely tight and causing pain behind his back, and locked him in a single man cage for many hours, without water, and toilet access. *Id.* at 5-6. Plaintiff claims he was forced to strip naked in the presence of officers and inmates, and was issued a false serious Rule Violation Report, in order to deprive Plaintiff of law library privileges and personal liberty, as an adverse action for exercising his First Amendment rights "out of deliberate indifference and retaliation to thwart plaintiff's legal litigation activities." *Id.* at 6. Lastly, Plaintiff claims that on April 6, 2021, Correctional Officers Gonzales, Solapek, and other unnamed officers raided his cell without notice while he was using the toilet, forced him and his cellmate out of the cell, and made him strip naked in the presence of other inmates and female correctional officer. *Id.* Plaintiff claims they also seized his legal reference materials "out of deliberate indifference and retaliation, "due to plaintiff's legal litigations and grievances against defendants." *Id.*

The second amended complaint clearly violates Rules 18(a) and 20(a) of the Federal Rules of Civil Procedure. "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Accordingly, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants belong in different suits," not only to prevent the sort of "morass" that a multi-claim, multi-defendant suit can produce, "but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of required fees." *Id.* (citing 28 U.S.C. § 1915(g)). Here, the three separate incidences described by Plaintiff involve separate claims that took place at different times against difference Defendants, and therefore belong in different suits. *Id.*

Furthermore, it does not appear that all the named Defendants are properly joined in

3

this single action. Rule 20(a) provides that parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The three incidences took place at separate times, i.e., July 2020, February 2021, and April 2021, and therefore do not arise out of the same transaction, occurrence, or series of transactions or occurrences. Furthermore, although Plaintiff attempts to connect Defendants by alleging retaliatory motives by all, the facts and circumstances of each incident are not common and also involve other unrelated claims, e.g., Eighth Amendment and due process claims. Accordingly, the Defendants are clearly improperly joined in this action.

Lastly, Plaintiff fails to allege specific facts against each named Defendant. For example, he names L. Farley, D. Farmer, D. Cramer, and E. Heffington, but the two page "Statement of Claim" contains no factual allegations against any of these Defendants. Dkt. No. 28 at 5-6. Accordingly, these Defendants should be dismissed from this action for failure to state a claim against them.

Plaintiff shall be granted one **<u>final</u>** opportunity to file a third amended complaint that complies with Rules 18(a) and 20(a) of the Federal Rules of Civil Procedure. Specifically, Plaintiff must limit the claims in the third amended complaint to just one of the three incidences described in the second amended complaint. If he wishes to pursue the claims based on the other two incidences, he must file them in separate actions and pay the associated filing fees for each.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. The second amended complaint is **DISMISSED with leave to amend**. Within **twenty-eight (28) days** of the date this order is filed, Plaintiff shall file a third

4

amended complaint to attempt to correct the deficiencies discussed above. The third amended complaint must include the caption and civil case number used in this order, Case No. 20-07534 BLF (PR), and the words "THIRD AMENDED COMPLAINT" on the first page. If using the court form complaint, Plaintiff must answer all the questions on the form in order for the action to proceed.

The third amended complaint supersedes the original, first, and second amended complaints, which will be treated thereafter as non-existent. *Ramirez v. Cty. of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015). Consequently, claims not included in the third amended complaint are no longer claims and defendants not named in the second amended complaint are no longer defendants. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir.1992).

2.  **Failure to respond in accordance with this order in the time provided by filing a third amended complaint will result in the dismissal of this action for violating Rules 18(a) and 20(a), without further notice to Plaintiff.**

**IT IS SO ORDERED.**

Dated: ___May 16, 2022_____

BETH LABSON FREEMAN
United States District Judge

Order Dismissing SAC with Leave to Amend
PRO-SE\BLF\CR.20\07534Saddozai_dwlta.SAC

5