UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI,<br><br>    Plaintiff,<br><br>    v.<br><br>M. B. ATCHLEY, et al.,<br><br>    Defendants. | Case No. 20-cv-07534 BLF (PR)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL OR *GUARDIAN AD LITEM*** <br><br><br>(Docket No. 29) |

Plaintiff, a state inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against prison staff and officials at Salinas Valley State Prison ("SVSP"), as well as the Director of the California Department of Corrections and Rehabilitation ("CDCR"). Dkt. No. 1. On May 16, 2022, the Court dismissed the second amended complaint, Dkt. No. 28, with leave to amend for Plaintiff to correct various deficiencies. Dkt. No. 36. Currently, Plaintiff's third amended complaint is due by June 15, 2022. *Id.* The Court herein addresses Plaintiff's latest motion for appointment of counsel. Dkt. No. 29.

**DISCUSSION**

**A.     Motion for Appointment of Counsel**

The Court denied a previous motion for limited appointment of counsel for lack of

exceptional circumstances. Dkt. No. 14 at 9. In his latest motion, Plaintiff asserts appointment of counsel is warranted because the issues are complex, his lack of legal knowledge, limited access to law library and resources, he would be able to better litigate and investigate his claims with counsel, physical disabilities in his hand and arm impede his ability to litigate this matter, and counsel would be needed if this matter goes to trial. Dkt. No. 29 at 2-3. Plaintiff also asserts that appointment of a *guardian ad litem* is warranted under Federal Rule of Civil Procedure 17(c) due to his participation in the Mental Health Services Delivery System. *Id.* at 3.

1. **Appointment of Counsel under 28 U.S.C. § 1915**

There is no constitutional right to counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981); *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997) (no constitutional right to counsel in § 1983 action), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998) (en banc). The decision to request counsel to represent an indigent litigant under § 1915 is within "the sound discretion of the trial court and is granted only in exceptional circumstances." *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). As before, Plaintiff's asserted grounds do not establish exceptional circumstances warranting appointment of counsel as they are challenges generally experienced by prisoners. Accordingly, Plaintiff's request for appointment of counsel is DENIED without prejudice for lack of exceptional circumstances. *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

2. **Appointment of Guardian Ad Litem under Fed. R. Civ, P. 17(c)**

Based on his assertion of mental health issues, the Court will also consider whether Plaintiff warrants appointment of a guardian ad litem under Federal Rule of Civil Procedure 17(c), which provides in relevant part that:

> A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or aby a guardian ad litem. The court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action.

Fed. R. Civ. P. 17(c)(2). The Ninth Circuit has held that when "a substantial question" exists regarding the mental incompetence of a pro se litigant, the district court should conduct a hearing to determine competence so that a guardian ad litem may be appointed if appropriate. *Allen v. Calderon*, 408 F.3d 1150, 1153 (9th Cir. 2005); *Krain v. Smallwood*, 880 F.2d 1119, 1121 (9th Cir. 1989). Other circuits have held that a district court's duty of inquiry under Rule 17(c) is triggered by "verifiable evidence" of incompetence. *See, e.g.*, *Powell v. Symons*, 680 F.3d 301, 307 (3rd Cir. 2012); *Ferrelli v. River Manor Health Care Center*, 323 F.3d 196, 203 (2d Cir. 2003).

The Ninth Circuit found a "substantial question" regarding competence where a pro se prisoner litigant submitted a letter from the prison psychiatrist stating that the litigant was under his care, had been diagnosed with schizophrenia, and was taking psychotropic medications, *see Allen*, 408 F.3d at 1152, but it found no substantial question where a pro se litigant merely asserted that the district court should have conducted a competency hearing, *see Day v. Sonoma Cnty.*, 1997 WL 686016, at *2 (9th Cir. Oct. 30, 1997). The Third Circuit found "verifiable evidence" of incompetence where one co-plaintiff was adjudicated incompetence in a simultaneous criminal proceeding and the other co-plaintiff submitted a letter from a mental health professional. *See Powell*, 680 F.3d at 308-09. The Second Circuit has indicated that "verifiable evidence" could take the form of records from a court or public agency or evidence from a mental health professional, but that bizarre behavior, standing alone, is not sufficient to trigger a district court's duty of inquiry under Rule 17(c). *See Ferrelli*, 323 F.3d at 201-02.

In this case, Plaintiff submits no evidence of incompetence. Rather, he merely asserts he has been placed in the "Mental Health Services Delivery System," without any explanation as to his specific mental health issues. Dkt. No. 29 at 3; Dkt. No. 31 at 2; Dkt.

No. 32 at 2. Rather, the attached documents indicate that in late 2019, he was retained in "MHCB [mental health crisis bed] due to recent reports of suicidal ideation." Dkt. No. 29 at 33. Otherwise, there is no information in the attached papers describing Plaintiff's more recent mental health issues. Furthermore, Plaintiff has thus far shown an ability to pursue and articulate his claims despite any mental health issues. Lastly, Plaintiff provides no letter from a mental health professional or other "verifiable evidence" of his incompetence to trigger this Court's duty of inquiry. *See Ferrelli*, 323 F.3d at 201-02. Plaintiff's mere assertion that he needs the assistance of counsel to proceed with the case, without more, is not sufficient to raise a substantial question. *See*, *e.g.*, *Day*, 1997 WL 686016, at *2. Accordingly, the Court finds that in the absence of verifiable evidence of incompetence, there is no substantial question regarding Plaintiff's competence and therefore no duty of inquiry. *See Allen*, 408 F.3d at 1152; *Ferrelli*, 323 F.3d at 201-02. Plaintiff does not warrant appointment of a *guardian ad litem* under Rule 17(c).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for appointment of counsel or *guardian ad litem* is DENIED without prejudice. Dkt. No. 29.

This order terminates Docket No. 29.

**IT IS SO ORDERED.**

Dated: ___**June 6, 2022**____

BETH LABSON FREEMAN
United States District Judge

Order Denying Mot. for Appt. of Counsel or Guardian ad litem
PRO-SE\BLF\CR.20\07534Saddozai_deny-atty