UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI,<br><br>    Plaintiff,<br><br>    v.<br><br>M. B. ATCHLEY, et al.,<br><br>    Defendants. | Case No. 20-cv-07534 BLF (PR)<br><br>**ORDER OF PARTIAL DISMISSAL AND OF SERVICE; DENYING MOTION FOR RECUSAL; DIRECTING DEFENDANT TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; INSTRUCTIONS TO CLERK**<br><br>(Docket No. 39) |

Plaintiff, a state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983, against defendants at Salinas Valley State Prison ("SVSP"). The Court dismissed the original, first, and second amended complaints with leave to amend to correct various deficiencies. Dkt. Nos. 14, 21, 36. The second amended complaint ("SAC") was dismissed because it violated Rules 18(a) and 20(a) of the Federal Rules of Civil Procedure, i.e., improperly joined unrelated claims against unrelated parties. Dkt. No. 36 at 3-4. The Court also found that the SAC contained insufficient allegations to state a claim against each named defendant. *Id.* at 4. Plaintiff was granted one final opportunity to file a third amended complaint ("TAC") to correct the deficiencies. *Id.* Plaintiff's TAC is before the Court for an initial review. Dkt. No. 38.

Plaintiff has filed a motion to disqualify (or recuse) the Undersigned. Dkt. No. 39.

# DISCUSSION

## A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Caifornia Dep't of Corrections & Rehabilitation*, 726 F.3d 1062, 1074 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *Id.* at 633.

## B. Plaintiff's Claims

Plaintiff names one defendant in the TAC: S. Tomlinson, senior/supervising law library at SVSP. Dkt. No. 38 at 2. Plaintiff claims that on July 21, 2020, he gave Defendant Tomlinson his only original habeas corpus petition with exhibits to be copied to be sent to the court. *Id.* at ¶ 1. Plaintiff claims Defendant read his confidential legal documents and kept the originals and copies without a written explanation, violating

Plaintiff's right to due process under the Fourteenth Amendment. *Id.* at ¶ 2. When Plaintiff complained, Defendant sounded the alarm and had correctional officers remove Plaintiff from the library in handcuffs, which caused cuts, pain, and bruising. *Id.* at ¶ 3. The officers later forced Plaintiff to strip in the holding cell in the presence of others and issued him a rules violation report ("RVR") for the incident. *Id.* Plaintiff claims these actions violated his rights under the Eighth and First Amendments. *Id.* Plaintiff filed a grievance which was granted, but his legal documents were destroyed, in violation of the Fourteenth Amendment. *Id.* at ¶ 4. Plaintiff claims that Defendant, along with other correctional staff in charge of the law library, "repeatedly interfere and deny plaintiff meaningful access to law library services, resources, materials, case laws, citations, copy services, [and] violated privacy of protected confidential-legal-privileged documents" out of "deliberate indifference and retaliation stemming from event described and as adverse action for grievances filed and granted and to prevent the prosecution of court actions." *Id.* at ¶ 5. Plaintiff claims that he is being treated differently from other prisoners "by affording less or no equal legal services out of discrimination to plaintiff's race, color, skin, beliefs" in violation of the First and Fourteenth Amendments and California constitution equivalents. *Id.* Plaintiff seeks declaratory and injunctive relief, as well as compensatory and punitive damages. Dkt. No. 38 at 5.

Plaintiff asserts violations of his rights under the First, Eighth, and Fourteenth Amendments. The Court will consider each of these claims below.

    **1.**    **First Amendment**

Plaintiff claims that Defendant Tomlinson's actions of sounding the alarm and having officers "remove and arrest" him in handcuffs from the library "for complaining" violated his First Amendment rights. Plaintiff also claims that the officers later conducted a strip search and issued an RVR. It appears that Plaintiff is attempting to tie Defendant Tomlinson to these later acts by other individuals, but the connection is conclusory and is

3

not supported by any facts indicating that Defendant was present during these events.[1] Accordingly, the allegations regarding the strip search and RVR are insufficient to establish that Defendant Tomlinson is liable for the related injuries. *Leer*, 844 F.2d at 633.

The First Amendment protects freedom of speech, the press, assembly, and the right to petition the government for a redress of grievances. Firstly, liberally construed, Plaintiff's allegations are sufficient to state a claim for the violation of his freedom of speech based on Defendant Tomlinson expelling him from the library "for complaining." *See Shaw v. Murphy*, 532 U. S. 223, 229 (2001) (impingement on a prisoner's First Amendment right to free speech is valid only "if it is reasonably related to legitimate penological interests.")

Secondly, it appears that Plaintiff is attempting to state a violation of his right of access to courts based on his removal from the library and the withholding of his legal papers. Prisoners have a constitutional right of access to the courts. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996); *Bounds v. Smith*, 430 U.S. 817, 821 (1977). To establish a claim for any violation of the right of access to the courts, the prisoner must prove that there was an inadequacy in the prison's legal access program that caused him an actual injury. *See Lewis*, 518 U.S. at 349-51. To prove an actual injury, the prisoner must show that the inadequacy in the prison's program hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement. *See id.* at 351, 354-55. Similarly, allegations of destruction or confiscation of legal documents may state a claim for denial of access to the courts. *See Morello v. James*, 810 F.2d 344, 346-348 (2d Cir. 1987). A plaintiff must allege an "actual injury" to court access, however, which consists of some specific "instance in which an inmate was actually denied access to the courts." *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989). Only if an actual injury is alleged does a plaintiff state a claim for which relief can be granted. *See id.*; *see, e.g.*, *Jenkins v.*

---

[1] This is in contrast to the allegation that the handcuffs were applied with excessive force, for which Defendant Tomlinson was present as discussed below. *See infra* at 6.

*McMickens*, 618 F. Supp. 1472, 1474-75 (S.D.N.Y. 1985) (complaint alleging certain documents pertaining to pending trial confiscated and not returned too conclusory to support claim of denial of access to court).

Here, Plaintiff's allegations are insufficient because he does not allege what non-frivolous claim(s) he was pursuing in the state habeas petition, nor does he claim that Defendant's actions caused him an actual injury. For example, there is no allegation as to how the confiscation of the state habeas petition resulted in Plaintiff missing a deadline. Furthermore, Plaintiff attached copies of the "grievance claims decision response" and "appeal claims decision response" on this matter, which indicate that "original legal documents were returned." Dkt. No. 38-1 at 15, 17. There is no explanation as to how the temporary withholding of his legal papers resulted in actual injury.

Plaintiff was already advised that this claim was insufficient in the Court's first screening order of the original complaint. Dkt. No. 14 at 3-4. Plaintiff was given specific instructions on how to correct the deficiencies of this claim, *i.e.*, to identify a specific deadline that was missed, the specific case number, the non-frivolous claim he was pursuing, and the actual injury he suffered. *Id.* at 4. The amended complaint was also inadequately plead, and so the Court again reminded Plaintiff to be mindful of the deficiencies of his original complaint. Dkt. No. 21 at 4. In the TAC, Plaintiff has again pleaded insufficient facts to support an access to the courts claim. The Court finds no good cause for granting another opportunity to amend this claim where the deficiencies remain the same. *Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003) (district court's discretion to deny leave to amend particularly broad where plaintiff has previously filed an amended complaint); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992). Accordingly, this claim must be dismissed for failure to state a claim.

Lastly, Plaintiff claims generally that Defendant on unspecified occasions acted out of "deliberate indifference and retaliation stemming from event described and as adverse action for grievances filed and granted and to prevent the prosecution of court actions."

*See supra* at 3. "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted).

In screening the original complaint, the Court found Plaintiff's allegations were insufficient to state a retaliation claim. Dkt. No. 14 at 6. Plaintiff was advised of the *Rhodes* elements for a retaliation claim, and given an opportunity to correct the deficiencies, *i.e.*, that Defendant acted at a specific time "because of" Plaintiff's protected, that Defendant's actions chilled the exercise of this First Amendment rights, and the action did not reasonably advance a legitimate correctional goal. *Id.* Here, Plaintiff's allegation of retaliation is again insufficient because it is vague and fails to establish that Defendant acted with retaliatory animus when he had Plaintiff removed from the library on June 21, 2020. The Court finds no good cause for granting another opportunity to amend this claim where the deficiencies remain the same from the original complaint. *Wagh*, 363 F.3d at 830; *Ferdik*, 963 F.2d at 1261. Accordingly, this claim must be dismissed for failure to state a claim.

### 2. Eighth Amendment

Plaintiff claims that his Eighth Amendment rights were violated when he was removed from the library in painful handcuffs, and by the subsequent strip search and RVR. It appears that Plaintiff is attempting to tie Defendant Tomlinson to the later acts (the search and RVR), but the connection is conclusory and is not supported by any facts indicating that Defendant was present during these events or even aware of their occurrence. Accordingly, the allegations regarding the strip search and RVR are insufficient to establish that Defendant Tomlinson is liable for the related injuries. *See Leer*, 844 F.2d at 633.

1    With regard to the allegation that Defendant "had correctional officers remove and
2    arrest plaintiff in handcuffs to cause cuts pain[,] bruising[,] and suffering," Plaintiff
3    implies that Defendant Tomlinson was in a supervisory position at the time and that
4    officers applied excessive force under his direction.  Whenever prison officials stand
5    accused of using excessive force in violation of the Eighth Amendment, the core judicial
6    inquiry is whether force was applied in a good-faith effort to maintain or restore discipline,
7    or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6-7
8    (1992).  A supervisor may be liable under section 1983 upon a showing of (1) personal
9    involvement in the constitutional deprivation or (2) a sufficient causal connection between
10   the supervisor's wrongful conduct and the constitutional violation.  *Henry A. v. Willden*,
11   678 F.3d 991, 1003-04 (9th Cir. 2012).  Liberally construed, Plaintiff states a cognizable
12   supervisor liability claim against Defendant based on the allegation that excessive force
13   was applied by subordinates at his direction.

### 3. Fourteenth Amendment

Plaintiff claims Defendant read his confidential legal documents and kept the originals and copies without a written explanation, violating his right to due process under the Fourteenth Amendment.  The attached grievance papers indicate that the grievance was granted at the appeal level, which found that "the record fails to establish by a preponderance of the evidence available that all applicable policies were followed."  Dkt. No. 38-1 at 15.  Accordingly, the Court finds Plaintiff states a cognizable due process claim against Defendant Tomlinson for the violation of his procedural due process rights.

### C. Motion to Disqualify

Plaintiff has filed a "motion for order to disqualify district court judge pursuant [to] Title 28 U.S.C. §§ 144 and 455," which the Court construes as a motion for recusal.  Dkt. No. 39.  The Court denied a previous motion earlier in this action.  *See* Dkt. No. 14.

Plaintiff asserts that the Undersigned has a "personal bias and prejudice" against him and "is in favor of the adverse party, such so that plaintiff cannot, and believes that

plaintiff cannot have a fair and impartial trial and hearing before this judge." Dkt. No. 39 at ¶ 2.  In an attached affidavit, Plaintiff alleges that the Undersigned has "indicated a personal bias and prejudice against [him] out of invidious retaliatory and discriminatory animus arising from [his] poverty; imprisonment; and race because [he is] a distinct class made obvious by [his] name, supported by [the Undersigned] making improper remarks and insensitive comments about [him] in response to [his] civil complaint(s), also showing an impartiality in judgment." Dkt. No. 39-1 at ¶ 3.  Plaintiff claims that the Undersigned "deliberately and repeatedly" denied his requests for appointment of counsel "upon having advance evidence and knowledge of extraordinary circumstances that are exceptional reasons restricting [his] ability from commencing and effectively litigating [his] case in pro se…." *Id.* at ¶ 7.  Plaintiff claims the Undersigned made him "compromise [his] integrity by forcing [him] to amend [his] complaint multiple times intentionally as punitive retaliatory tactics due to conflict of interest…." *Id.* at ¶ 8.  He also alleges that the Undersigned made "improper remarks and called [him] a prolific filer" and that such comments are sufficient facts showing impartiality and indicating bias. *Id.* at ¶ 10.  Plaintiff also claims that there have been delays and dismissals for the purpose of burdening and halting his response, and that he has had financial burden, loss, and hardship that resulted in gain and unjust enrichment for the Court by "theft by deception, felony, misappropriation of funds, dishonest services thru scheme or artifice to defraud [him] and to obstruct justice." *Id.* at ¶ 11.  Lastly, Plaintiff claims that the Undersigned "deliberately and repeatedly rejected and excluded evidence" which "supports a square conflict with judge, prejudicial error and planned subversion of justice to infringe on [his] constitutional rights." *Id.* at ¶ 14.

Motions to recuse a district court judge fall under two statutes, 28 U.S.C. § 144 and 28 U.S.C. § 455. The substantive standard for recusal under 28 U.S.C. § 144 and 28 U.S.C. § 455 is the same: Whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *United States v.*

*McTiernan*, 695 F.3d 882, 891 (9th Cir. 2012); *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993) (citation omitted). Sections 144 and 455 ask whether a reasonable person perceives a significant risk that the judge will resolve the case on a basis other than the merits. *Clemens v. United States Dist. Ct. for the Cent. Dist. of Cal.*, 428 F.3d 1175, 1178 (9th Cir. 2005). The reasonable person in this context means a well-informed, thoughtful observer, as opposed to a hypersensitive or unduly suspicious person. *Id.* As a federal judge is presumed to be impartial, a substantial burden is imposed on the party claiming bias or prejudice to show that this is not the case. *See United States v. Zagari*, 419 F. Supp. 494, 501 (N.D. Cal. 1976). Here, Plaintiff's assertions regarding personal bias, prejudice, and financial gain are simply conclusory. The Court does not have nor has ever expressed any "discriminatory animus" against Plaintiff based on his poverty, imprisonment, or race, and no improper remarks have ever been made showing lack of impartiality. Nor has there been any unjust enrichment or financial gain by the Court. Rather, the decisions by this Court to deny a temporary restraining order, appointment of counsel, grant leave to amend several times, and dismiss matters. *See, e.g.,* Dkt. Nos. 10, 14, 21, 36, 37. Furthermore, Plaintiff has been granted generous extensions of time to file amended complaints. Dkt. Nos. 17, 19, 27. Accordingly, Plaintiff's conclusory assertions are not sufficient to overcome the presumption that this Court has been fair and impartial in this action. Plaintiff may appeal the decision to the Ninth Circuit, but otherwise has no basis for moving to recuse the Court from this matter. The motion for disqualification is **DENIED**. Dkt. No. 39.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's motion for recusal is **DENIED**. Dkt. No. 39.
2. The following claims are **DISMISSED with prejudice** for failure to state a claim: (1) right of access to courts claims; (2) retaliation claim; and (3) claims based on a

strip search and RVR.

3.  This action shall proceed based on the following cognizable claims against Defendant Tomlinson: (1) First Amendment freedom of speech claim; (2) excessive force claim based on supervisor liability; and (3) due process claim for the withholding of legal papers.

4.  The following defendant shall be served at SVSP:

   a.  **S. Tomlinson, Senior Library Supervisor**

Service on the listed defendant(s) shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the operative complaint and any attachments thereto, Dkt. No. 8, this order of service, and a CDCR Report of E-Service Waiver form. The clerk also shall serve a copy of this order on the plaintiff.

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons and the operative complaint for service upon each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

5. **No later than thirty-five (35) days** from the date the CDCR Report of E-Service Waiver is filed, **Defendant shall file an opposition to Plaintiff's motion for preliminary injunction and supplemental thereto**. Dkt. Nos. 6, 9. Plaintiff's reply shall be filed no later than **fourteen (14) days** after Defendant's opposition is filed.

6. In the same time in which to file an opposition to Plaintiff's preliminary injunction motion, Defendant may file a motion to dismiss under the Federal Rules of Civil Procedure.

    a. Plaintiff's opposition to Defendant's motion to dismiss shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants' motion is filed.

    b. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

7. If no motion to dismiss is filed, no later than **ninety-one (91) days** from the date this order is filed, Defendants shall file a motion for summary judgment with respect to the claims in the complaint found to be cognizable above.

    a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If any Defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the Court prior to the date the summary judgment motion is due.

    b. **In the event Defendants file a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). See *Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

8. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** from the date Defendants'

motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendants' motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

9. Defendants shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

10. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

11. All communications by the Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or Defendants' counsel.

12. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

13. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

14. Extensions of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

This order terminates Docket No. 39.

///

**IT IS SO ORDERED.**

Dated: __November 8, 2022__

BETH LABSON FREEMAN
United States District Judge

Order of Service; Deny Recusal
PRO-SE\BLF\CR.20\07534Saddozai_svc&recusal