UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI,<br><br>Plaintiff,<br><br>v.<br><br>M. B. ATCHLEY, et al.,<br><br>Defendants. | Case No. 20-cv-07534 BLF (PR)<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL; ADDRESSING OTHER MOTIONS; GRANTING EXTENSION OF TIME TO FILE OPPOSITION**<br><br>(Docket Nos. 50, 51, 56) |

Plaintiff, a state inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against prison staff and officials at Salinas Valley State Prison ("SVSP"), as well as the Director of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff's third amended complaint ("TAC") is the operative complaint in this matter. Dkt. No. 38. The Court dismissed some claims and ordered cognizable claims served on the sole remaining Defendant, S. Tomlinson. Dkt. No. 40. On January 13, 2023, Defendant filed a motion to dismiss the TAC for failure to state a claim upon which relief can be granted. Dkt. No. 49.

Plaintiff filed several motions which the Court addresses below: (A) "motion to appoint counsel to assist in deposition[,] discovery and preserve privilege and to enforce limit on evidence directed by the court," Dkt. No. 50; (B) "objection to oral deposition,"

"opposition to dismiss Plaintiff's [TAC], temporary restraining order, and motion for leave to take deposition by written questions," Dkt. No. 51; and (C) "failure to supplement earlier request" and "motion to compel[] Defendant[] to supply Plaintiff with all case laws and authorities relied upon," Dkt. No. 56.  The Court also addresses other filed papers and pending requests.

# DISCUSSION

### A. Motion for Appointment of Counsel

Plaintiff first moves for appointment of counsel to assist in deposition and discovery, to preserve privilege, and to enforce limit on evidence directed by the court. Dkt. No. 50.  Defendant filed a response to his requests.  Dkt. No. 55.

The Court first notes that Plaintiff filed two previous requests for appointment of counsel which were denied.  Dkt. Nos. 14, 37.  Accordingly, Plaintiff is well aware of the standard for appointment of counsel.  This recent request also fails to establish that exceptional circumstances warrant appointment of counsel, even for the limited reasons he describes.  *See Agyeman v. Corrections Corp. of America*, 390 F.3d 1101, 1103 (9th Cir. 2004); *Rand*, 113 F.3d at 1525; *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991); *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).  Furthermore, as Defendant asserts, the request is premature because Defendant has not yet scheduled Plaintiff's deposition.  Dkt. No. 55 at 3.  Moreover, the Court notes there may be no need for deposition if Defendant prevails in his motion to dismiss.  For the same reason, Plaintiff's concerns regarding discovery, privilege, and evidence are also premature.  Accordingly, the motion for appointment of counsel is DENIED.  Dkt. No. 50.

### B. Motion for Leave to Take Written Deposition

Plaintiff also objects to oral deposition and requests leave to take deposition by written responses.  Dkt. No. 51.  Plaintiff asserts that Defendant has not contacted him regarding details for the deposition, several medical issues would cause difficulty and

discomfort, and that oral deposition "serves only being conducted in bad faith and in a manner as to unreasonably annoy, embarrass, oppress." *Id.* at 15-16.  In response, Defendant asserts that Plaintiff has made no attempt to meet and confer over his concerns regarding being deposed as required under Federal Rule of Civil Procedure 26.  Dkt. No. 55 at 4.  Because this issue is premature and Plaintiff has failed to meet and confer on the matter, the request for written deposition is DENIED without prejudice.  Dkt. No. 51.

### C. Motion to Compel

Plaintiff moves for an order to compel Defendant to supply Plaintiff with all the case laws and authorities relied upon in all his filings in this matter.  Dkt. No. 56.  He asserts that he is in the process of preparing a motion for summary judgment which will substantially advance this action.  *Id.* at 3.  He asserts that his requests to obtain these case laws from the prison library has been "unanswered and unresolved."  *Id.* at 4.  Plaintiff also asserts that the cases are subject to discovery and known only to Defendant, whom he alleges is misrepresenting cases that are inapplicable and used to "cause Plaintiff to under take a wild goose chase."  *Id.* at 5-6.  Defendant opposes the motion, asserting she is not required to provide Plaintiff with copies of cases absent sufficient information that Plaintiff lacks access to the cases due to no fault of his own, which she asserts he fails to do.  Dkt. No. 59 at 2.

The Court finds no good cause to grant Plaintiff's motion.  Plaintiff is a seasoned litigant, who is well aware that he has a statutory right to access case law and authorities through the prison law library; he has provided no evidence to substantiate his claim that he has been denied such access.  Nor is the Court persuaded by Plaintiff's assertion that Defendant has misapplied case law in her filings.  All parties are required to abide by Federal Rule of Civil Procedure 11, and certify that their pleadings and motions are well-grounded in fact and have a colorable basis in law or be subject to sanctions.  Fed. R. Civ. P. 11(b), (c).  Accordingly, Plaintiff's motion to compel is DENIED.

///

**D.      Plaintiff's Opposition and Objection to Defense Declarations**

The Court notes that Plaintiff has included a response in his moving papers to Defendant's motion to dismiss, Dkt. No. 51, which Defendant objects to as not proper. Dkt. No. 55 at 6. Plaintiff also filed an objection to Defendant Tomlinson's declaration and that of opposing counsel. Dkt. No. 58. However, Plaintiff fails to identify these declarations in the record. In fact, there is no record of Defendant Tomlinson filing a personal declaration. The only recent declaration filed by Defendant's counsel was that which accompanied Defendant's opposition to Plaintiff's motion to compel. Dkt. No. 55-1. Lastly, Defendant's motion to dismiss Plaintiff's TAC under Rule 12(b)(6) was not accompanied by a declaration; indeed, such a motion attacks the legal sufficiency of the claims in the operative complaint and need not be supported by other evidence such as a declaration. Accordingly, Plaintiff's objection shall be STRICKEN as vague and unfounded. Dkt. No. 58.

The Court agrees that Plaintiff's response to Defendant's motion to dismiss is not properly presented. In the interest of justice, Plaintiff shall be granted an extension of time to file a separate opposition to Defendant's motion.

**E.      Request for Preliminary Injunction**

In its Order of Service, the Court directed Defendant to file opposition to Plaintiff's request for preliminary injunction and supplemental thereto filed at the outset of this action. Dkt. No. 40 at 11; Dkt. Nos. 6, 9. The Court denied a previous motion without prejudice. Dkt. Nos. 5, 10. Defendant filed opposition on January 13, 2023. Dkt. No. 48.

In a letter, Plaintiff requested an order preventing the CDCR from obstructing his access to the law library. Dkt. No. 6. At the time, Plaintiff was located at the Salinas Valley State Prison ("SVSP"). *Id.* at 3. Defendant's opposition states that Plaintiff's motion is moot because he has since been transferred to San Quentin State Prison ("SQSP"), where he has no contact with Defendant Tomlinson. Dkt. No. 48 at 2. Defendant asserts, therefore, the motion should be denied as moot because there is no

danger of any alleged harm happening at SVSP.  *Id.*

In reply, Plaintiff alleges actions by SQSP personnel who are obstructing access to legal resources.  Dkt. No. 51 at 12-13.  However, SQSP personnel are not parties to this action such that the Court could enforce an injunction against them.  *See In re Estate of Ferdinand Marcos*, 94 F.3d 539, 545 (9th Cir. 1996) (district court must have personal jurisdiction to enforce an injunction against an entity).  Furthermore, this action does not involve any claims against any SQSP staff.  *See Pacific Radiation Oncology, LLC v. Queen's Med. Ctr.*, 810 F.3d 631, 633 (9th Cir. 2015) (plaintiff not entitled to an injunction based on claims not pled in the complaint).

Therefore, Plaintiff's request for a preliminary injunction is **DENIED** as moot.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's motion for appointment of counsel is **DENIED**.  Dkt. No. 50.

2. Plaintiff's motion for leave to take written deposition is **DENIED** as premature.  Dkt. No. 51.

3. Plaintiff's motion to compel Defendant to provide all case law and authorities is **DENIED**.  Dkt. No. 56.

4. Plaintiff's objection to Defense declarations shall be **STRICKEN**.  Dkt. No. 58.

5. Plaintiff's request for a preliminary injunction is **DENIED** as moot.  Dkt. No. 6.

6. Plaintiff is granted an extension of time to file opposition to Defendant's motion to dismiss.  Plaintiff shall file an opposition **no later than twenty-eight (28) days** from the date this order is filed.

Defendant shall file a reply within **fourteen (14) days** from the date Plaintiff's opposition is filed.

This order terminates Docket Nos. 50, 51 and 56.

**IT IS SO ORDERED.**

Dated: ___**April 17, 2023**___

/s/ Beth Labson Freeman
BETH LABSON FREEMAN
United States District Judge

Order Denying Mot. for Appt. of Counsel; Addressing other Mots; Granting EOT-opp
PRO-SE\BLF\CR.20\07534Saddozai_eot-opp&mots