UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI,<br><br>    Plaintiff,<br><br>    v.<br><br>M. B. ATCHLEY, et al.,<br><br>    Defendants. | Case No. 20-cv-07534 BLF (PR)<br><br>**ORDER GRANTING MOTION TO DISMISS CLAIMS 2 AND 3; SETTING BRIEFING SCHEDULE ON REMAINING CLAIM; GRANTING LEAVE TO FILE SUPPLEMENTAL PLEADING TO ADD NEW DEFENDANTS; DENYING OTHER MOTIONS**<br><br>(Docket Nos. 49, 62, 63, 68) |

Plaintiff, a state prisoner, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983, against defendants at Salinas Valley State Prison ("SVSP"). The third amended complaint ("TAC") is the operative complaint. Dkt. No. 38. The Court found the TAC stated three cognizable claims. Dkt. No. 40. Defendant S. Tomlinson filed a motion to dismiss two of the claims under Federal Rule of Civil Procedure 12(b)(6) on the grounds that Plaintiff fails to state a claim for relief. Dkt. No. 49. Plaintiff filed an opposition, Dkt. No. 51,[1] and Defendant filed a reply, Dkt. No. 55. Plaintiff also filed the following motions: (1) motion to correct an error in a claim, Dkt. No. 62; (2) motion for leave to add defendants, Dkt. No. 63; and (3) motion for a court order, Dkt. No. 68.

For the reasons set forth below, Defendant's motion to dismiss is GRANTED.

---

[1] Plaintiff also filed an "affidavit" in support of his response, but it is identical to the affidavit submitted with the TAC. *Compare* Dkt. No. 38-1 at 2-3 *with* Dkt. No. 52 at 2-3. Accordingly, the Court will not consider the affidavit as superfluous.

# DISCUSSION

## I. Motion to Dismiss

The Court found the TAC stated the following cognizable claims against Defendant Tomlinson: (1) First Amendment freedom of speech claim for removing Plaintiff from the library for complaining; (2) an excessive force claim based on supervisor liability for having Plaintiff handcuffed to cause pain and suffering; and (3) a due process claim for the withholding of legal papers. Dkt. No. 40 at 4, 7. Defendant asserts that claims two and three must be dismissed because they fail to state a claim for which relief can be granted.

Failure to state a claim is grounds for dismissal under Rule 12(b)(6). Dismissal for failure to state a claim is a ruling on a question of law. *See Parks School of Business, Inc., v. Symington*, 51 F.3d 1480, 1483 (9th Cir. 1995). "The issue is not whether plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 553-56 (2007) (citations omitted). A motion to dismiss should be granted if the complaint does not proffer "enough facts to state a claim for relief that is plausible on its face." *Id*. at 570. To state a claim that is plausible on its face, a plaintiff must allege facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). From these decisions, the following "two principles" arise: "First to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the

factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

Review is limited to the contents of the complaint, *see Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994), including documents physically attached to the complaint or documents the complaint necessarily relies on and whose authenticity is not contested. *See Lee v. County of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). In addition, the court may take judicial notice of facts that are not subject to reasonable dispute. *See id*. at 688 (discussing Fed. R. Evid. 201(b)). Allegations of fact in the complaint must be taken as true and construed in the light most favorable to the non-moving party. *See Symington*, 51 F.3d at 1484.

### A.     Excessive Force Claim

Plaintiff claims that his Eighth Amendment rights were violated when he was removed from the library in painful handcuffs. Plaintiff's allegations indicated that Defendant Tomlinson was in a supervisory position at the time and that officers applied excessive force under his direction. Liberally construed, the Court found Plaintiff stated a cognizable supervisor liability claim against Defendant based on the allegation that excessive force was applied by subordinates at his direction.

The treatment a convicted prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment. *Helling v. McKinney*, 509 U.S. 25, 31 (1993). "After incarceration, only the unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Whitley v. Albers*, 475 U.S. 312, 319 (1986) (ellipsis in original) (internal quotation and citation omitted). The core judicial inquiry in an excessive force claim is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *Whitley*, 475 U.S. at 320-21.

3

A supervisor may be liable under section 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. *Henry A. v. Willden*, 678 F.3d 991, 1003-04 (9th Cir. 2012).

Defendant argues that Plaintiff fails to state a claim for supervisory liability because he does not allege that Defendant Tomlinson had any involvement or even knowledge of the purported excessive force alleged. Dkt. No. 49 at 4. Defendant asserts that the complaint must plead facts supporting a plausible inference that Defendant Tomlinson personally directed the officers to take those steps against Plaintiff which themselves violated the Constitution in some way. *Id.* at 4-5. Defendant asserts that Plaintiff asserts supervisory liability solely on the fact that Defendant Tomlinson "sounded the alarm." *Id.* at 5, citing Dkt. No. 38 at 4 ¶ 3. Defendant asserts that Plaintiff did not allege any personal participation by Defendant Tomlinson, nor provides any facts that would demonstrate that Defendant participated in or directed any constitutional violations or was acting in a supervisory role. *Id.* Defendant also asserts that even if Defendant Tomlinson was acting as a supervisor, there is no allegation that she was malicious or sadistic. The TAC admits that Defendant Tomlinson withheld Plaintiff's copies of the habeas petition and that Plaintiff disagreed with her decision. Therefore, Defendant asserts, Defendant Tomlinson had a legitimate reason for summoning custody staff as alleged, and there is no evidence she did it maliciously or sadistically. *Id.*

In opposition, Plaintiff does not dispute Defendant Tomlinson's lack of supervisory role over the officers who responded to her alarm. Rather, he merely states that "Tomlinson had officers remove plaintiff from law library while keeping Plaintiff's confidential legal documents." Dkt. No. 51 at 3. In reply, Defendant points out that Plaintiff has failed to respond to their argument, nor argues how the factual allegations are legally sufficient.

After carefully reviewing the TAC and the pleadings, the Court finds Plaintiff has

4

failed to state an Eighth Amendment excessive force claim against Defendant Tomlinson based on supervisor liability. As Defendant points out, the only allegation was that Defendant "sounded the alarm," to summon the officers. There is no allegation that Defendant Tomlinson thereafter proceeded to give instructions to how the officers were to proceed, or that she had the authority to do so; rather, as the librarian, she had Plaintiff removed from the library when he disagreed with her. Although the Court liberally construed the allegations as attempting to state a supervisor liability claim, Plaintiff's lack of response to Defendant's argument indicates that he concedes no such basis exists.

Based on the foregoing, the Court finds that the TAC fails to state a claim of excessive force against Defendant Tomlinson based on supervisor liability. Accordingly, Defendant's motion to dismiss the excessive force claim for failure to state a claim should be granted. Because Plaintiff has already been granted several opportunities to amend and he has made no argument that an amendment could cure this deficiency, the dismissal is without leave to amend.

### B. Due Process

Plaintiff claims Defendant read his confidential legal documents and kept the originals and copies without a written explanation, violating his right to due process under the Fourteenth Amendment. The attached grievance papers indicate that the grievance was granted at the appeal level, which found that "the record fails to establish by a preponderance of the evidence available that all applicable policies were followed." Dkt. No. 38-1 at 15. The Court found Plaintiff stated a cognizable due process claim against Defendant Tomlinson for the violation of his procedural due process rights.

The Due Process Clause of the Fourteenth Amendment protects individuals against governmental deprivations of "life, liberty or property," as those words have been interpreted and given meaning over the life of our republic, without due process of law. *Board of Regents v. Roth*, 408 U.S. 564, 570-71 (1972); *Mullins v. Oregon*, 57 F.3d 789, 795 (9th Cir. 1995). The touchstone of due process is protection of the individual against

arbitrary action of government, whether the fault lies in a denial of fundamental procedural fairness (i.e., denial of procedural due process guarantees) or in the exercise of power without any reasonable justification in the service of a legitimate governmental objective (i.e., denial of substantive due process guarantees). *See County of Sacramento v. Lewis*, 523 U.S. 833, 845-46 (1998).

Interests that are procedurally protected by the Due Process Clause may arise from two sources – the Due Process Clause itself and laws of the states. *See Meachum v. Fano*, 427 U.S. 215, 223-27 (1976). In the prison context, these interests are generally ones pertaining to liberty. Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (citing *Vitek v. Jones*, 445 U.S. 480, 493 (1980) (transfer to mental hospital), and *Washington v. Harper*, 494 U.S. 210, 221-22 (1990) (involuntary administration of psychotropic drugs)). A state may not impose such changes without complying with minimum requirements of procedural due process. *See id.* at 484.[2]

With regard to property interests, due process of law ordinarily requires notice and an opportunity for some kind of hearing prior to the deprivation of a significant property interest. *See Memphis Light, Gas & Water Div. v. Craft*, 436 U.S. 1, 19 (1978). However, neither the negligent nor intentional deprivation of property states a due process claim under § 1983 if the deprivation was random and unauthorized. *See Parratt v. Taylor*, 451 U.S. 527, 535-44 (1981) (state employee negligently lost prisoner's hobby kit), *overruled*

---

[2] Deprivations that are authorized by state law and are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that (1) state statutes or regulations narrowly restrict the power of prison officials to impose the deprivation, i.e., give the inmate a kind of right to avoid it, and (2) the liberty in question is one of "real substance." *See id.* at 477-87. Generally, "real substance" will be limited to freedom from (1) a restraint that imposes "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," *id.* at 484, or (2) state action that "will inevitably affect the duration of [a] sentence," *id.* at 487.

6

*in part on other grounds, Daniels v. Williams*, 474 U.S. 327, 330-31 (1986); *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) (intentional destruction of inmate's property). The availability of an adequate state post-deprivation remedy, e.g., a state tort action, precludes relief because it provides sufficient procedural due process. *See Zinermon v. Burch*, 494 U.S. 113, 128 (1990) (where state cannot foresee, and therefore provide meaningful hearing prior to, deprivation statutory provision for post-deprivation hearing or common law tort remedy for erroneous deprivation satisfies due process). California law provides such an adequate post-deprivation remedy. *See Barnett v. Centoni*, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).[3]

Defendant asserts that this due process claim fails because Plaintiff did not have a protected liberty or property interest at stake. Dkt. No. 490 at 6. Secondly, Defendant asserts that if the claim is interpreted to concern the confiscation of property (the habeas petition), then Plaintiff has a state post-deprivation remedy which precludes a constitutional claim. *Id*. Lastly, Defendant asserts that if the claim is interpreted to concern procedural violations in the grievance process, then no liberty interest is at issue. *Id*. In his opposition, Plaintiff merely asserts that his habeas petition and copies were not returned to him. Dkt. No. 51 at 3. Defendant asserts in reply that Plaintiff's opposition is not responsive to their motion. Dkt. No. 55 at 6.

After carefully reviewing the TAC and the pleadings, the Court finds Plaintiff has failed to state a due process claim against Defendant Tomlinson based on the confiscation of his habeas petition. Although the Court liberally construed the allegations as stating such a claim, Plaintiff's lack of response to Defendant's argument indicates that such a claim is baseless. Even if Defendant Tomlinson's actions were arbitrary and unjustified, it cannot be said that the confiscation of Plaintiff's papers involved a liberty interest under

---

[3] Nor is a prisoner protected by the Fourth Amendment against the seizure, destruction or conversion of his property. *See Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir.), *cert. denied*, 493 U.S. 868 (1989).

7

*Sandin*, 515 U.S. at 484, to trigger procedural due process. Furthermore, the allegedly unauthorized confiscation of property (the habeas petition) by Defendant Tomlinson precludes relief because the availability of an adequate state post-deprivation remedy, e.g., a state tort action, provides sufficient procedural due process. *See Zinermon*, 494 U.S. at 128. Plaintiff's argument in opposition that his property has not been returned simply means that he must seek a remedy in the state courts.

Lastly, Plaintiff has no liberty interest in the grievance process to be able to assert a due process violation. The Court found that the Office of Appeals granted the grievance because the record "failed to establish by preponderance of the evidence that all available policies were followed." Dkt. No. 40 at 7. The Office of Appeals decision noted that Plaintiff's habeas petition was returned to him. Dkt. No. 38 at 21. Even if the petition was not returned to Plaintiff, he cannot state a claim. California Code of Regulations, title 15 sections 1073 and 3084 grant prisoners in the county jails and state prisons a purely procedural right: the right to have a prison appeal.[4] The regulations simply require the establishment of a procedural structure for reviewing prisoner complaints and set forth no substantive standards; instead, they provide for flexible appeal time limits, *see* Cal. Code Regs. tit. 15, § 3084.6, and, at most, that "no reprisal shall be taken against an inmate or parolee for filing an appeal," *id.* § 3084.1(d). A provision that merely provides procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest. *See Smith v. Noonan*, 992 F.2d 987, 989 (9th Cir. 1993); *see also Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993) (same). Accordingly, any claim that the prison failed to abide by state regulations regarding the processing of prison appeals cannot state a due process violation.

---

[4] *See* Cal. Code of Regs. tit. 15 § 1073 (applicable to county jails), and § 3084, *et seq.* (applicable to state prisons).

Based on the foregoing, the Court finds that the TAC fails to state a due process claim against Defendant Tomlinson for the confiscation of Plaintiff's property. Accordingly, Defendant's motion to dismiss the due process claim for failure to state a claim should be granted. Because Plaintiff has already been granted several opportunities to amend nor does it appear that an amendment could cure this deficiency, the dismissal is without leave to amend.

## II. Pending Motions

Plaintiff filed a "motion… to correct error in the claim that deprives Plaintiff of constitutional right within the meaning of section 1983; and to take judicial notice of evidence in exhibits A-D." Dkt. No. 62. Plaintiff wishes to include the fact that under the due process claim discussed above, he did not receive back the original habeas petition and copies which Defendant Tomlinson allegedly confiscated, contrary to what the appeal decision indicates. *Id.* at 3. However, as discussed above, Plaintiff cannot state a due process claim based on those facts. *See supra* at 7-8. Accordingly, this motion is DENIED as moot.

Plaintiff filed a motion to add sixteen newly identified Defendants to this action. Dkt. No. 63. Plaintiff asserts that these individuals are liable because they were an employee of the CDCR working at SVSP at the relevant time of this action, they had access to all relevant information in this matter, each was privy to grievance in this matter and involved in it in various ways, such that each "recklessly disregarded" false and misleading statements regarding grievance complaints, each is responsible for the accuracy of the reports and liable for the resulting injury to Plaintiff. *Id.* at 2-5. Defendant filed a statement of non-opposition, acknowledging that their notice is untimely. Dkt. No. 67.

The Court construes the motion as seeking leave to file an amended complaint to add claims against these new defendants. The motion is DENIED without prejudice because Plaintiff's pleading is insufficient to show that each named individual is liable. Dkt. No. 65. First of all, it is unclear what constitutional violation he is attempting to

9

assert against these new defendants. *Id.* His general assertion that their actions or failure to act "subjected plaintiff to deprivations of rights; privileges secured, and protected by the U.S. Constitution" is simply not sufficient. Dkt. No. 63 at 2. It is unclear what constitutional right, if any, was violated by the defendants' alleged actions, i.e., the reckless disregard of false and misleading statements in Plaintiff's grievances and failure to correct it. Plaintiff also fails to explain what injuries he suffered due to their alleged actions. Moreover, Plaintiff's allegations are generalized, as he refers to the defendants "collectively… as 'individual defendants'" throughout the pleading. *Id.* at 4. Plaintiff must set forth specific and individualized facts with respect to *each* defendant, showing how each was involved in the alleged deprivation. Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. *Lemire v. Cal. Dept. of Corrections & Rehabilitation*, 726 F.3d 1062, 1085 (9th Cir. 2013); *Leer v. Murphy*, 844 F.2d 628, 634 (9th Cir. 1988). A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See Leer*, 844 F.2d at 633.

Rather than have Plaintiff file a fourth amended complaint which would supersede the TAC, he shall be granted leave to file a supplemental complaint to allege sufficient facts to state a claim against these new defendants that is also in compliance with the Federal Rules of Civil Procedure 18(a) and 20(a) (joinder of parties and claims). "A party asserting a claim, counterclaim, crossclaim, or third-party claim may join, as independent or alternative claims, as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Accordingly, "multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007). "Unrelated claims against different defendants

10

belong in different suits," not only to prevent the sort of "morass" that a multi-claim, multi-defendant suit can produce, "but also to ensure that prisoners pay the required filing fees – for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of required fees." *Id.* (citing 28 U.S.C. § 1915(g)). With respect to the joinder of Defendants, parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). "A buckshot complaint that would be rejected if filed by a free person – say, a suit complaining that A defrauded plaintiff, B defamed him, C punched him, D failed to pay a debt, and E infringed his copyright, all in different transactions – should be rejected if filed by a prisoner." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (noting that, in prisoner complaint seeking to join 24 defendants and approximately 50 distinct claims, prisoner made no effort to show that 24 defendants he named had participated in the same transaction or series of transactions or that a question of fact is common to all defendants). Plaintiff is advised that the only remaining claim in this action is the First Amendment claim against Defendant Tomlinson. *See supra* at 2. Accordingly, Plaintiff must show that the proposed new claims and defendants are properly joined to that sole claim under Rules 18(a) and 20(a).

Plaintiff filed a "motion to the Court ordering correctional authorities and or ordering Defendants counsel to intervene and order correctional authorities at San Quentin State Prison who are agents for opposing counsel deputy district attorney to cease and desist withholding and concealing Plaintiff's legal mail' and to take mandatory judicial notice of the facts evidence and exhibits A-to-E [*sic*]." Dkt. No. 68. However, the attached exhibits do not support his allegation that the prison or defense counsel is interfering with his legal mail, as none of the documents therein mention any incident

11

regarding Plaintiff's legal mail be.  Dkt. No. 68 at 6-37.  The only document relevant to mail is a memorandum regarding "Processing and Inspection of Confidential Correspondence," dated September 1, 2022, addressed to Associate Directors; it does not mention any specific incident regarding mail or Plaintiff.  *Id.* at 34.  Accordingly, the Court is not persuaded that the type of court intervention Plaintiff seeks is warranted.  The motion is DENIED.

## CONCLUSION

For the foregoing reasons, the Court orders as follow:

1. Defendant S. Tomlinson's motion to dismiss claims two and three against her for failure to state a claim is **GRANTED**.  Dkt. No. 49.  The excessive force and due process claims are **DISMISSED with prejudice** for failure to state a claim.  This action shall proceed solely on the remaining First Amendment claim.

2. **No later than fifty-six (56) days** from the date this order is filed, Defendant shall file a motion for summary judgment with respect to the remaining claim in this action.

   a. Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  Defendant is advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If Defendant is of the opinion that this case cannot be resolved by summary judgment, she shall so inform the Court prior to the date the summary judgment motion is due.

   b. **In the event Defendant files a motion for summary judgment, the Ninth Circuit has held that Plaintiff must be concurrently provided the appropriate warnings under *Rand v. Rowland*, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  *See Woods v. Carey*, 684 F.3d 934, 940 (9th Cir. 2012).**

3. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant no later than **twenty-eight (28) days** from the date Defendant's

motion is filed.

Plaintiff is also advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that failure to file an opposition to Defendant's motion for summary judgment may be deemed to be a consent by Plaintiff to the granting of the motion, and granting of judgment against Plaintiff without a trial. *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (per curiam); *Brydges v. Lewis*, 18 F.3d 651, 653 (9th Cir. 1994).

4. Defendant shall file a reply brief no later than **fourteen (14) days** after Plaintiff's opposition is filed.

5. All remaining provisions of the Court's "Order of Partial Dismissal and of Service," Dkt. No. 40, with regard to briefing shall remain in effect.

6. Plaintiff's motion to correct an error in a claim is **DENIED** as moot. Dkt. No. 62.

7. Plaintiff's motion to add new defendants is **DENIED** without prejudice. Dkt. No. 63. Plaintiff is granted leave to file a supplemental complaint **within twenty-eight (28) days** from the date this order is filed, to allege sufficient facts to state a claim against these new defendants that is also in compliance with the Federal Rules of Civil Procedure 18(a) and 20(a).

8. Plaintiff's motion for court order is **DENIED**. Dkt. No. 68.

This order terminates Docket Nos. 49, 62, 63 and 68.

**IT IS SO ORDERED.**

Dated: __August 25, 2023_____

BETH LABSON FREEMAN
United States District Judge

Order Granting MTD; Setting Briefing; LTA
PRO-SE\BLF\CR.20\07534Saddozai_grant-mtd.brief.LTA

13