UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SHIKEB SADDOZAI,

Plaintiff,

v.

M.B. ATCHLEY, et al.,

Defendants.

Case No. 20-cv-07534 BLF (PR)

**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION; DENYING ORDER TO PREVENT PRISON TRANSFER**

(Docket Nos. 100, 101, 102)

Plaintiff, a state inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant S. Tomlinson at Salinas Valley State Prison for a First Amendment violation. Dkt. No. 38. After settlement proceedings were unsuccessful, this matter was referred to the Federal Pro Se Program on February 26, 2025, to find counsel if possible to represent Plaintiff for trial. Dkt. No. 99.

On February 26, 2025, Plaintiff filed a motion for temporary restraining order ("TRO") and preliminary injunction "to ensure [Plaintiff has] access to the courts" at San Quentin Rehabilitation Center ("SQRC") where he is currently housed. Dkt. No. 100. Plaintiff then moved for an "Emergency Application" to "prevent unauthorized prisoner transfer" to another facility. Dkt. Nos. 101, 102.

Plaintiff seeks a TRO against non-parties, *i.e.*, SQRC and its staff. Dkt. No. 100 at

United States District Court
Northern District of California

23-24.  However, an injunction is binding only on parties to the action, their officers, agents, servants, employees and attorneys and those "in active concert or participation" with them.  Fed. R. Civ. P. 65(d).  In order to enforce an injunction against an entity, the district court must have personal jurisdiction over that entity.  *In re Estate of Ferdinand Marcos*, 94 F.3d 539, 545 (9th Cir. 1996).  The court should not issue an injunction that it cannot enforce.  *Id.*  None of the parties named in the TRO motion are parties to this action.  Dkt. No. 100.  Therefore, the Court has no jurisdiction over these non-parties to enforce a restraining order or injunction.  Accordingly, the motion for TRO and preliminary injunction is **DENIED**.

Plaintiff's "emergency application" to prevent his transfer from SQRC is based on Federal Rule of Appellate Procedure 23(a), which he asserts "plainly prohibits such a transfer without application and authorization from the court."  Dkt. No. 101 at 2.  However, Rule 23(a) only applies to a prisoner in a habeas corpus proceeding: "Pending review of a decision in a *habeas corpus proceeding* commenced before a court, justice, or judge of the United States for the release of a prisoner, the person having custody of the prisoner must not transfer custody to another unless a transfer is directed in accordance with this rule."  Fed. R. App. P. 23(a) (emphasis added).  This action is a civil rights action and therefore Rule 23(a) does not apply to prevent Plaintiff's transfer.

Furthermore, prisoners have no constitutional right to incarceration in a particular institution.  *See Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976).  A prisoner's liberty interests are sufficiently extinguished by his conviction that the state may generally confine or transfer him to any of its institutions, to prisons in another state or to federal prisons, without offending the Constitution.  *See Rizzo v. Dawson*, 778 F.2d 527, 530 (9th Cir. 1985) (citing *Meachum*, 427 U.S. at 225) (intrastate prison transfer does not implicate Due Process Clause), and *Olim*, 461 U.S. at 244-48 (interstate prison transfer does not implicate Due Process Clause)).  Accordingly, Plaintiff's motions for an emergency application are **DENIED**.

2

This order terminates Docket Nos. 100, 101, and 102.

**IT IS SO ORDERED.**

**Dated:  __March 17, 2025_____**

BETH LABSON FREEMAN
United States District Judge

Order Denying TRO & Other Order
PRO-SE\BLF\CR.20\07534Saddozai_deny.transfer&tro

3