UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI,<br><br>    Plaintiff,<br><br>v.<br><br>M.B. ATCHLEY, et al.,<br><br>    Defendants. | Case No. 20-cv-07534 BLF (PR)<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>(Docket No. 104) |

    Plaintiff, a state inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant S. Tomlinson at Salinas Valley State Prison for a First Amendment violation. Dkt. No. 38. After settlement proceedings were unsuccessful, this matter was referred to the Federal Pro Se Program on February 26, 2025, to find counsel if possible to represent Plaintiff for trial. Dkt. No. 99.

    On March 17, 2025, the Court denied Plaintiff's application for a court order to prevent his "unauthorized" transfer to another prison. Dkt. No. 103. Plaintiff has filed a motion for reconsideration of that court order. Dkt. No. 104.

    In the Northern District of California, Local Rule 7-9 allows for the filing of motions for reconsideration only with respect to interlocutory orders made in a case prior to the entry of final judgment. *See* Civil L.R. 7-9(a). No pre-judgment motion for

reconsideration under Local Rule 7-9 may be brought without leave of court. *See* Civil L.R. 7-9(a).  The moving party must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order.  *See* Civil L.R. 7-9(b).  The Court will construe Plaintiff's motion as one seeking leave to file a motion for reconsideration.

The Court finds the request fails to establish any of the factors under Rule 7-9(b): (1) Plaintiff does not allege any material difference in law or fact that existed from that which was presented to the Court before entry of the order denying his motion for recusal; (2) there has been no emergence of new material facts or change of law that occurred after the time of such order; and (3) there was no manifest failure by the Court to consider material facts which were presented to the Court before the order was issued.  Rather, Plaintiff again cites to Federal Rule of Appellate Procedure 23(a) and case law which do not apply to this civil rights action and repeats his original assertions.  Dkt. No. 104 at 2-3.  There is simply no basis for this Court to intervene in Plaintiff's pending transfer.  Accordingly, Plaintiff's motion for reconsideration is **DENIED**.

This order terminates Docket No. 104.

**IT IS SO ORDERED.**

Dated: _April 25, 2025_____                          _____
                                                                                  BETH LABSON FREEMAN
                                                                                  United States District Judge

Order Denying Mot. For Recon.
PRO-SE\BLF\CR.20\07534Saddozai_deny.recon

2