UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI,<br><br>    Plaintiff,<br><br>    v.<br><br>M.B. ATCHLEY, et al.,<br><br>    Defendants. | Case No. 20-cv-07534 BLF (PR)<br><br>**ORDER DENYING MOTION TO COMPEL JOINDER OF PARTY**<br><br>(Docket No. 107) |

Plaintiff, a state inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant S. Tomlinson at Salinas Valley State Prison ("SVSP") for a First Amendment free speech violation. Dkt. No. 38. After settlement proceedings were unsuccessful, this matter was referred to the Federal Pro Se Program, to find counsel if possible to represent Plaintiff for trial. Dkt. No. 99. This matter is currently stayed pending the referral.

Plaintiff has filed a motion to compel joinder of the CDCR as a party to this action under Federal Rules of Civil Procedure 19(a)(2) and 21. Dkt. No. 107. Previously, the Court denied Plaintiff's motion for a temporary restraining order and preliminary injunction to prevent his transfer from his current place of confinement, SQRC, and his subsequent motion for reconsideration. Dkt. Nos. 103, 106. This current motion appears

to be Plaintiff's latest attempt to involve the CDCR as a party to obtain injunctive relief against the department. Defendant filed an opposition. Dkt. No. 108.

Rule 21 permits the court to add or drop a party at any time on motion or on its own. Fed. R. Civ. P. 21. Rule 19 requires the joinder of parties, if feasible, in the following circumstances: "(A) in that person's absence, the court cannot accord complete relief among existing parties; or (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in that person's absence may: (1) as a practical matter impair or impede the person's ability to protect the interest; or (2) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(A)&(B).

This action involves a freedom of speech claim against Defendant Tomlinson arising from an incident in 2020. Plaintiff fails to explain how joining the CDCR is necessary to accord complete relief or that the CDCR claims an interest relating to the freedom of speech claim that may impede their ability to protect that interest or subject it to substantial risk. Rather, he asserts that he has a potential claim against the CDCR "to the same extent and of the same type as the existing defendant in this action." Dkt. No. 107 at 2. However, Plaintiff then proceeds to allege new claims involving retaliation and interference with his ability to litigate cases, which have no connection with his freedom of speech claim from 2020. *See* Dkt. No. 85 at 4-5. Accordingly, the Court finds joinder of the CDCR is not required under Rule 19. The motion on that basis is DENIED.

To the extent Plaintiff is attempting to add new claims against a new defendant to this action, the Court finds no basis to allow him to do so at this late stage in the proceedings and after he was thrice granted leave to amend. *See* Dkt. Nos. 14, 21, 36. Accordingly, the Court will not entertain such a request. *See Wagh v. Metris Direct, Inc.*, 363 F.3d 821, 830 (9th Cir. 2003) (district court's discretion to deny leave to amend particularly broad where plaintiff has previously filed an amended complaint); *Ferdick v.*

2

*Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992).  He must file such claims in a new separate action and be subject to the related filing fees.

Lastly, Plaintiff repeats his arguments from previous motions that injunctive relief against the CDCR is warranted to prevent his transfer to another prison.  Dkt. No. 107 at 12-14.  As mentioned above, the Court already considered and denied Plaintiff's motion for injunctive relief and found no basis to reconsider its denial.  *See supra* at 1.  Defendant also asserts that any such request is moot because as of May 30, 2025, Plaintiff is now incarcerated at Pelican Bay State Prison.  Dkt. No. 108 at 7, fn. 5.  Accordingly, the motion to join the CDCR on this basis is DENIED.

This order terminates Docket No. 107.

**IT IS SO ORDERED.**

Dated:  _June 5, 2025_____                    _____
                                                                                    BETH LABSON FREEMAN
                                                                                    United States District Judge

Order Denying Motion for Joinder
PRO-SE\BLF\CR.20\07534Saddozai_deny.joinder

3