UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHIKEB SADDOZAI,<br>   Plaintiff,<br> v.<br>M.B. ATCHLEY, et al.,<br>   Defendants. | Case No. 20-cv-07534 BLF (PR)<br><br>**ORDER DENYING REQUEST FOR JUDICIAL NOTICE AND JUDICIAL INTERVENTION**<br><br>(Docket No. 110) |

  Plaintiff, a state inmate, filed the instant *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendant S. Tomlinson at Salinas Valley State Prison ("SVSP") for a First Amendment free speech violation. Dkt. No. 38. After settlement proceedings were unsuccessful, this matter was referred to the Federal Pro Se Program, to find counsel if possible to represent Plaintiff for trial. Dkt. No. 99. This matter is currently stayed pending the referral.

  On June 5, 2025, the Court denied Plaintiff's motion to compel joinder of the CDCR as a party to this action under Federal Rules of Civil Procedure 19(a)(2) and 21. Dkt. No. 109. Plaintiff was directed to pursue his new claims against the CDCR in a separate action and be subject to the related filing fees. *Id.* at 3.

  Plaintiff has now filed a request for judicial notice and judicial intervention, stating

that since his transfer to Pelican Bay State Prison ("PBSP"), he has been without his property. Dkt. No. 110. Plaintiff alleges that his property has been "stolen and kept in the possession by state officials at San Quentin ("SQRC"), without justification as of the present current date to punish Plaintiff out of retaliation to pending litigation and other advocacy issues." *Id.* at 3. He alleges other acts by state officials at SQRC and at PBSP. *Id.* at 4-5. He repeats his request to add the CDCR as a defendant to this action based on the "new evidence" which he has "presented herein for the court to take judicial notice" and to "provide judicial intervention." *Id.* at 7.

Federal Rule of Evidence 201(b) permits a court to notice an adjudicative fact if it is "not subject to reasonable dispute." *Khoja v. Orexigen Therapeutics*, 899 F.3d 988, 999 (9th Cir. 2018). "A fact is not subject to reasonable dispute if it is generally known, or can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.* (quoting Fed. R. Evid. 201(b)(1)-(2)) (internal quotation marks omitted). Plaintiff's request for judicial notice is DENIED because it cannot be said that his allegations against officials at SQRC and PBSP are "generally known" or "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." *Id.* Rather, the request is yet another attempt to draw the CDCR into this action, based on claims that are unrelated to the underlying First Amendment claim against Defendant Tomlinson.

To the extent that Plaintiff is attempting to seek reconsideration of the Court's order denying his motion to compel joinder of the CDCR, Dkt. No. 109, his request is DENIED. As he has already been advised, no pre-judgment motion for reconsideration under the Northern District of California's Local Rule 7-9 may be brought without leave of court. *See* Civil L.R. 7-9(a). He has failed to do so.

Plaintiff must first exhaust administrative remedies through the prison's grievance system to obtain the relief he seeks for the recent loss of his property. If he is unsatisfied with the results, then he may file a new lawsuit(s) against the appropriate state officials at

2

SQRC or PBSP and be subject to the related filing fees.

This order terminates Docket No. 110.

**IT IS SO ORDERED.**

Dated: _June 26, 2025_____                    _____
                                                                        BETH LABSON FREEMAN
                                                                        United States District Judge

Order Denying Motion for RJN
PRO-SE\BLF\CR.20\07534Saddozai_deny.rjn

3